**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSÉ RAÚL NEGRÓN VELÁZQUEZ et al., | Civil No.: |
| Plaintiffs, v. | |
| THE SHERWIN-WILLIAMS COMPANY, | |
| Defendant. | |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT**:

COMES NOW Defendant, The Sherwin-Williams Company ("Sherwin-Williams"), and hereby gives notice of the removal of the action filed by Plaintiffs in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Ponce (Civil No. PO2022CV02491), to the United States District Court for the District of Puerto Rico. As grounds for the removal, Sherwin-Williams states the following:

### I.    PROCEDURAL BACKGROUND

1.    On June 9, 2022, José Raúl Negrón Velázquez and Lourdes Ferrer Martínez ("hereinafter, collectively "Plaintiffs") filed a Complaint in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Ponce, with the following caption and number: José Raúl Negrón Velázquez, y Lourdes Ferrer Martínez vs. The Sherwin-Williams Company, Compañía de Seguros ABC, Civil No. PO2022CV02491. See Exhibit No. 1.[1]

2.    On December 21, 2022, Plaintiffs served Sherwin-Williams with summons. See Exhibit No. 2.[2]

---

[1] In compliance with 28 U.S.C.A. § 1446(a), Sherwin-Williams hereby attaches a complete copy of the case file docket for the Complaint filed by Plaintiffs in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Ponce.

[2] Sherwin-Williams requests a thirty (30) day extension of time to file the certified translation of the executed summons attached as Exhibit No. 2.

3.      As averred by Plaintiffs in the State Court Action, Sherwin-Williams is a foreign company that was incorporated in the State of Ohio and is authorized to do business in Puerto Rico. See Exhibit No. 1, Complaint ¶5. Moreover, as evidenced from the Ohio Secretary of State's website (https://businesssearch.ohiosos.gov?=businessDetails/8027), Sherwin-William's principal place of business, as well as its high-level officers are located in Ohio. See Exhibit No. 3.[3]

4.      Furthermore, in the Complaint, Plaintiffs seek, among others, a severance in the amount of $305,000 and over $500,000 in damages. See Exhibit No. 1, Complaint, p. 7-8.

5.      Hence, from Plaintiffs' own allegations, it is evident that this Court has original jurisdiction over this action because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship. See 28 U.S.C.A. § 1332 (a).

6.      As more fully explained below, Sherwin-Williams is entitled to remove the State Court Action to this Honorable Court pursuant to 28 U.S.C. § 1441.

## II.      LEGAL STANDARD AND DISCUSSION

7.      Section 28 U.S.C.A. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

[3] Sherwin-Williams respectfully requests that, pursuant to Rule 201 of the Federal Rules of Evidence, the Court take judicial notice of the fact that Sherwin-Williams is an Ohio corporation with its principal place of business in Cleveland, Ohio.

Federal Rule of Evidence 201(b) provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Moreover, judicial notice is mandatory "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); Pérez-Cuevas v. CIGNA Grp. Ins., No. CIV. 10-1446 JP, 2011 WL 521437, at *4 (D.P.R. Feb. 15, 2011).

The Court may take judicial notice that Sherwin-Williams is an Ohio corporation with its principal place of business in Cleveland, Ohio. This information is publicly available on the Ohio Secretary of State's website (https://businesssearch.ohiosos.gov?=businessDetails/8027), and its authenticity cannot reasonably be disputed. See O'Hara v. Diageo-Guinness, USA, Inc., 306 F. Supp. 3d 441, 450 (D. Mass. 2018) (" 'The court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within [the court's] jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' F.R.E. 201(b). This includes 'documents the authenticity of which [is] not disputed by the parties,' […] and 'official public records,' "). A printout from that website as of January 10, 2023, is attached as **Exhibit No. 3**.

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a). [4]

8.    The notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

9.    Section 28 U.S.C.A. § 1332 states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C.A. §1332(a)(1).

10.    A corporation's citizenship, for diversity jurisdiction purposes, is both the state where it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332 (c)(1). A corporation maintains its principal place of business at its "nerve center," the location from which the corporation's "officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). "Generally, this will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination ... and not simply an office where the corporation holds its board meetings." Merrimack Mut. Fire Ins. Co. v. Omega Flex, Inc., 569 F. Supp. 3d 68, 69–70 (D. Mass. 2021). The nerve center will not necessarily be where " 'the bulk of a company's business activities visible to the public take place' but rather where the 'top officers [who] direct those activities' sit." Id. (quoting Hertz, 559 U.S. at 96).

11.    Under this test (the "nerve center test"), a corporation's principal place of business is "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." Celli v. Greenwich Ins. Co., 478 F. Supp. 3d 93, 96 (D. Mass. 2020) quoting Hertz, 559 U.S. at 80). "The First Circuit has explained that '[a]t its heart, the nerve center

---

[4] Section 1332(d) considers that "[t]he Word "States," as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C.A. § 1332(d).

test is an inquiry to find the one location from which a corporation is ultimately controlled. Put slightly differently, the federal court is to look for the place where the buck stops. And where it does, well, that's the corporation's nerve center and principal place of business.' " Id. (quoting Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 41 (1st Cir. 2016)).

12.    As instructed by the Supreme Court in Hertz Corp. v. Friend, Courts must look first to the corporate structure of the corporation instead of its general business activities (offices and plant locations, sales or servicing centers, transactions, payroll, or revenue generation) to determine its "center of overall direction, control, and coordination". Hertz, 559 U.S. at 80, 96. As stated above, in most circumstances this will be the place from where "the corporation's high level officers" made decisions. Id.

13.    In this case, Sherwin-William's has established that its principal place of business, as well as its high-level officers are located in Ohio, rendering it diverse from Plaintiffs. See Merrimack, 569 F. Supp. 3d at 71.

14.    Consequently, from the face of the Complaint, it is evident that this Court has original jurisdiction over the allegations and subject matter of the instant case because the amount in controversy exceeds $75,000 and there is diversity of citizenship. See 28 U.S.C. § 1332(a).

15.    As stated above, Plaintiffs served Sherwin-Williams with copy of the Complaint on December 21, 2022. See Exhibit No. 2. Thus, the instant Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

16.    Pursuant to 28 U.S.C.A. § 1446, Sherwin-Williams hereby certifies that there are adequate jurisdictional grounds for the removal of the present action. Also, in compliance with 28 U.S.C.A. § 1446(a), it has attached herein: (1) a certified translation of the complete case file docket for the Complaint filed by Plaintiffs in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Ponce as Exhibit No. 1; and (2) a certified translation of the executed summons as Exhibit No. 2.

17.    In compliance with 28 U.S.C.A. § 1446(d), Sherwin-Williams will promptly file an Informative Motion, along with the instant notice of removal, with the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Ponce, and will notify this Honorable Court of its compliance with this requirement.

**WHEREFORE**, Sherwin-Williams gives notice of the removal of this action, pursuant to section 1441, of Title 28, United States Code, and requests that said cause of action proceed before this Honorable Court as an action properly removed.

**WE HEREBY CERTIFY** that on this date, a true and exact copy of this notice of removal with its exhibits was sent by electronic mail to Plaintiffs' legal counsel, Carlos F. Vera Muñoz, Esq. (cafevera@yahoo.com); and, within the next forty-eight (48) hours, Sherwin-Williams will notify a copy of the Notice of Removal with the Court of Puerto Rico, Superior Court of Ponce, using the Unified System of Case Management and Administration ("Sistema Unificado de Manejo y Administración de Casos" and/or "SUMAC").

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 19th day of January 2023.

**MCCONNELL VALDÉS LLC**
Attorneys for *The Sherwin-Williams Company*
PO Box 364225
San Juan, PR 00936-4225
Tel. (787) 250-5652/5648
Fax (787) 759-8282

*s/Anita Montaner Sevillano*
Anita Montaner Sevillano
USDC-PR No. 209606
ams@mcvpr.com

*s/Natalia Marín-Catalá*
Natalia Marín-Catalá
USDC-PR 304703
natalia.marin@oneillborges.com