IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE RAUL NEGRON VELAZQUEZ AND OTHERS**<br>*Plaintiffs,*<br><br>v.<br><br>**THE SHERWIN WILLIAMS COMPANY**<br><br>*Defendant.* | **CIVIL NO. 23-1019 (DRD)** |

**OPINION AND ORDER**

Pending before the Court is plaintiff José Raúl Negrón Velázquez (hereinafter, "Plaintiff") and Lourdes Ferrer Martinez (collectively, "Plaintiffs") *Motion Requesting Voluntary Dismissal due to Compulsory Arbitration Agreement*. *See*, Docket No. 21.[1] For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion to dismiss. (Docket No. 21)

**I.    Background**

On June 9, 2022, Plaintiffs filed a Complaint in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Ponce, with the following caption and number: José Raúl Negrón Velázquez, y Lourdes Ferrer Martínez vs. The Sherwin-Williams Company, Compañía de Seguros ABC, Civil No. PO2022CV02491. (Docket No. 1, Exhibit 1) On December 21, 2022, Plaintiffs served Sherwin-Williams with summons. (Docket No. 1, Exhibit 2) On January 19, 2023 Sherwin Williams filed its Notice of Removal, stating that it was entitled to remove the State Court Action under 28 U.S.C. § 1441.

---

[1] On June 7, 2023 Plaintiffs filed a *Motion Restating Request for Dismissal for Lack of Jurisdiction due to Compulsory Arbitration Agreement* (Docket No. 23) requesting the dismissal, without prejudice, of the Complaint, to be able to file as soon as possible the arbitration complaint before the American Arbitration Association, which is the only forum, with jurisdiction, to adjudicate the case.

On March 17, 2023, counsel for Plaintiffs filed a *Motion Assuming Plaintiff's Legal Representation*. (Docket No. 12) On March 31, 2023, Plaintiffs filed a *Motion Requesting Order Related to the Existence of a Compulsory Employer Promulgated Arbitration Agreement Executed between the Parties*. (Docket No. 15) In said motion, Plaintiffs requested the Court to order Sherwin-Williams to "state and produce any and all arbitration agreement executed between the parties." (Docket No. 15 at 2) The Court granted Plaintiffs request and ordered Sherwin-Williams to inform the Court of any arbitration agreement executed between the parties. (Docket No. 17) In compliance with said order, Sherwin-Williams filed a *Motion in Compliance with Court Order* (Docket No. 20). In said motion, Sherwin- Williams informed that the Company has an internal Employment Dispute Mediation and Arbitration Policy ("Policy") and related Employment Dispute Mediation and Arbitration Agreement ("Agreement"). Additionally, Sherwin-Williams stated that "Plaintiff José Raúl Negrón Velázquez agreed to the Policy and Agreement on March 31, 2021. See Exhibit 3. As such, the claims set forth in the Complaint are covered by the Agreement and Policy." (Docket No. 20 at 3) Sherwin Williams also stated that notwithstanding, Plaintiff voluntarily acted inconsistently with and thereby waived arbitration when he chose to forgo the Policy and Agreement and filed the instant Complaint. *Id.*

Once Sherwin-Williams informed the Court of the existence of an arbitration agreement, on April 18, 2023, Plaintiffs filed the *Motion Requesting Voluntary Dismissal due to Compulsory Arbitration Agreement. See*, Docket No. 21. In said Motion, Plaintiffs argue that "even though he executed the compulsory arbitration agreement, never received a copy of the same, never received any training related to the same, and as a result was unaware of the provisions of the same. Due to the aforementioned, the plaintiff filed his complaint in state court, instead of the arbitration forum." (Docket No. 21) Plaintiffs requested that the instant case be dismissed, without prejudice, in order for Plaintiffs to file the complaint before the arbitration forum of the American Arbitration Association.

## II.     Analysis

The Federal Arbitration Act ("FAA") establishes the validity and enforceability of written arbitration agreements. 9 U.S.C. § 2. "Whether or not a dispute is arbitrable is typically a question for judicial determination." Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011) (citing Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 296, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010) ). "The court 'shall' order arbitration 'upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue. " Rent–A–Ctr., W., Inc. v. Jackson, 561 U.S. 63, 68, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010) (quoting 9 U.S.C. § 4).

A federal common law of arbitrability has been developed to guide federal courts in determining whether to enforce arbitration agreements, based on the fundamental principle that "arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration," First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. at 1924 131 L. Ed. 2d 985 (1995) Most generally, agreements to arbitrate are "generously construed." Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). In keeping with this general presumption,

> Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.... The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983) The Supreme Court has therefore set forth a more specific presumption of arbitrability:

> It has been established that where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

Jesus-Santos v. Morgan Stanley Dean Witter, Inc. 2006 WL 752997 (D.P.R. Mar. 22, 2006)(citing AT & T Technologies, Inc. v. Communications Workers of America, Inc., 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986))

For the Court to compel arbitration, a party must demonstrate "[1] that a valid agreement to arbitrate exists, [2] that the movant is entitled to invoke the arbitration clause, [3] that the other party is bound by that clause, and that [4] the claim asserted comes within the clause's scope." Dialysis Access Ctr.,LLC 638 F.3d at 375 (quoting InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003) ). A party can expressly or implicitly waive its arbitral rights. *See* Siracusa v. Marriott Int'l Inc., 319 F. Supp. 3d 596, 600 (D.P.R. 2018) The Court has considered the following factors to determine whether a party to an arbitration agreement has waived its right to arbitrate:

> whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right, ... whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff, ... whether there has been a long delay in seeking the stay or whether the enforcement of arbitration was brought up when trial was near at hand.... whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings, ... whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration ...) had taken place, ... and whether the other party was affected, misled, or prejudiced by the delay.

Taking the aforementioned into consideration. The Court considers that Plaintiff has not waived this right to arbitration. The instant case is just in its initial stages, discovery has not begun, dispositive motions have not been file. The parties have not even had the Initial Scheduling

Conference since the arbitration issue was raised. Although Plaintiff filed a complaint, and signed the arbitration agreement, he expressly has stated his desire to arbitrate his complaint. Plaintiffs requested the Court's assistance by requesting an order be issued so that Sherwin-Williams would provide a copy of the arbitration agreement. Once Sherwin-Williams informed the Court of the existence of the Agreement, Plaintiffs request the Court to dismiss the case without undue delay. Thus, taking into consideration Plaintiffs' actions and the presumption in favor of arbitration, the Court deems it appropriate to dismiss the instant complaint without prejudice.

Finally, taking into consideration the existence of an arbitration clause in the Agreement and that the right to arbitrate has not been waived. This Court lacks jurisdiction to entertain the case at bar. It is well settled that a United States District Court lacks subject matter jurisdiction over labor disputes when there is an agreement for arbitration. *See* Int'l Shipping Agency, Inc. v. Union de Trabajadores de Muelles, 570 F. Supp. 2d 220, 224 (D.P.R. 2008) Thus, Plaintiffs motion is hereby **GRANTED** and the instant case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 8th, 2023.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge